**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-27148-KMM

LEANDRO MOMPIE DEL MONTE,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_________________________________________/

# ORDER

THIS CAUSE came before the Court upon Petitioner Leandro Mompie del Monte's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition" or "Pet."). (ECF No. 1). Therein, Petitioner alleges that he is in the physical custody of Respondents at Krome North Service Processing Center in Miami, Florida. *Id.* at 1. Petitioner, a citizen of Cuba, has been subject to a final order of removal to Cuba since April 15, 2003. *Id.*; Declaration of Leandro Mompie del Monte (the "Declaration" or "Decl.") (ECF No. 1-1) ¶ 2. Petitioner alleges that he was detained for ninety days in 2012 and then spent more than thirteen (13) years on supervision, during which Immigration and Customs Enforcement ("ICE") never attempted to remove him to Cuba. Pet. at 7. On December 9, 2025, ICE issued a Notice of Revocation of Release revoking Petitioner's order of supervision, and Petitioner has been in ICE custody since February 21, 2026. *Id.* at 2; Decl. ¶ 3.

Petitioner alleges that on March 13, 2026, ICE transported him to the Port Isabel Service Processing Center to remove him to Mexico, a country not named in his removal order. Pet. at 7; Decl. ¶ 5. He alleges that at the border, he was told he could leave the transport vehicle and cross

into Mexico voluntarily, but no Mexican official was present to receive him and he was given no travel document. Decl. ¶ 6. Petitioner did not leave the vehicle and was returned to detention in Florida on or about March 30, 2026. *Id.* ¶ 7. He alleges that ICE did not serve written notice designating Mexico as a country of removal until April 23, 2026, and that he was not asked whether he feared removal to Mexico. Pet. at 7; Decl. ¶¶ 8–9. Petitioner states that he is willing to cooperate fully with removal to Cuba, including by signing any application for a Cuban passport or travel document and attending any interview with Cuban consular officials. Pet. at 7; Decl. ¶ 10.

Petitioner has filed three prior § 2241 petitions challenging his immigration detention. Pet. at 6. Two, filed in the Middle District of Florida, were denied without prejudice as premature. *Id.*; *see Mompie del Monte v. Warden, S. Fla. Det. Facility et al.*, No. 2:26-cv-1772-KCD-KRH (M.D. Fla. June 24, 2026); *Mompie Delmonte v. Warden, Glades Cnty. Det. Ctr. et al.*, No. 2:26-cv-2120-KCD-KRH (M.D. Fla. Aug. 5, 2026). The third, filed in this District, was denied without prejudice on September 22, 2026, upon a finding that Petitioner's failure to leave the transport vehicle tolled the six-month presumptively reasonable period of detention. Pet. at 6; *Del Monte v. Warden, Krome Serv. Processing Ctr.*, No. 1:26-cv-25946-WPD (S.D. Fla. Sep. 22, 2026). Petitioner contends that the instant Petition raises new facts. Pet. at 6.

On this basis, Petitioner alleges that his continued detention violates the Due Process Clause because: (1) he has been detained for more than six months and there is no significant likelihood of his removal in the reasonably foreseeable future; (2) his detention cannot be extended for non-cooperation because he is willing to cooperate with removal to Cuba; and (3) ICE attempted to remove him to a third country without written notice or an opportunity to raise a fear-based claim. *Id.* at 6–7. Petitioner thus asks the Court to: issue a writ of habeas corpus ordering his release under appropriate conditions of supervision; alternatively, order Respondents to show

cause why he should not be released and set an expedited briefing schedule; order Respondents to account for any efforts to remove him to Cuba; and grant any other relief that is just. *Id.* at 8.

The Court notes that in the context of the heavily litigated question of whether 8 U.S.C. § 1225(b), which permits mandatory detention of aliens without a bond hearing, or 8 U.S.C. § 1226(a), which entitles aliens to such a hearing, is correctly applied to immigration detainees, the Eleventh Circuit has held that § 1226(a) applies to "unadmitted aliens found in the interior of the United States" while they are going through immigration proceedings. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1261 (11th Cir. 2026). Respondents are directed to advise the Court of their position as to whether the Eleventh Circuit's holding in *Hernandez Alvarez* is applicable to the Petition.

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973) because Petitioner is detained in this District;
2. On or before **October 16, 2026**, Respondents shall notify the Court of the attorney to whom this case is assigned;
3. On or before **October 19, 2026**, Respondents shall file <u>one (1) consolidated</u> memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;

A. In the alternative, Respondents may advise the Court that they have or intend to provide Petitioner with the requested relief and shall notify the Court once such relief has been provided;

4. Counsel for Respondents must caption their memorandum as a "Response" rather than a Motion to Dismiss, and are cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;

5. Respondents are reminded that they must provide Petitioner full and complete copies of all documents filed in support of their Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);

6. Petitioner may, but is not required to, file a Reply within seven (7) days of Respondents' Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances;

7. The Court will address Petitioner's other requested relief after having reviewed the Response and Reply.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of October, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

Leandro Mompie del Monte
A# 039273617
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

PRO SE